# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Jorge Vazquez,

    Petitioner

v.

Jo Gentry, Sr., et al.,

    Respondents

Case No.: 2:18-cv-00117-JAD-VCF

**Order Denying as Moot Application to Proceed *In Forma Pauperis***

[ECF No. 1]

    Pro se petitioner Jorge Vazquez is currently serving state-court sentences at the Southern Desert Correctional Center after a jury found him guilty of burglary, solicitation to commit murder, and attempted murder.[1] He petitions for a writ of habeas corpus under 28 U.S.C. § 2254,[2] and he applies to proceed *in forma pauperis*.[3] Vazquez has already paid the filing fee,[4] however, so I deny his pauper application as moot. I have reviewed the petition under Habeas Rule 4, and I now direct that the Clerk of Court docket it and serve it on the respondents.

    A petition for federal habeas corpus should include all claims for relief of which the petitioner is aware. If Vazquez fails to include a claim in his petition, he may be forever barred from seeking federal habeas relief for that claim.[5] If Vazquez is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

    Accordingly, IT IS HEREBY ORDERED that Vazquez's application to proceed *in forma pauperis* **[ECF No. 1] is DENIED as moot**.

---

[1] ECF No. 1-1 at 2.

[2] *Id.*

[3] ECF No. 1.

[4] ECF No. 3.

[5] *See* 28 U.S.C. § 2254(b) (successive petitions).

1

The **Clerk of Court** is directed to **DETACH and FILE** the petitioner **[ECF No. 1-1]** and **ELECTRONICALLY SERVE** it on the respondents. The **Clerk of Court** is also directed to add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

IT IS FURTHER ORDERED that respondents have **until July 9, 2018, to answer or move to dismiss the petition.** All other motions and requests for relief will be governed by the local rules' normal briefing schedule. Any response filed must comply with the remaining provisions below, which are entered in accordance with Habeas Rule 5.

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss. Successive motions and procedural defenses raised in the answer will not be entertained, and procedural defenses that are not included in the dismissal motion will be waived. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single dismissal motion, not in the answer; and (b) they must specifically direct their argument to the dismissal standard under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits of an answer—instead, they must be raised in a single, consolidated motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court-record materials, if any, regarding each claim within the response to that claim.

IT IS FURTHER ORDERED that **Vazquez will have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition**; any other requests for relief by respondents by motion otherwise are subject to the normal briefing schedule under the local rules.

IT IS FURTHER ORDERED that any additional state-court-record exhibits filed in this case by either Vazquez or respondents must be filed with a separate index of exhibits identifying

the exhibits by number.  The CM/ECF attachments that are filed must also be identified by the number of the exhibit in the attachment.

  IT IS FURTHER ORDERED that **the parties MUST SEND** courtesy copies of all exhibits in this case to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label.  And in the future, all parties must provide courtesy copies of any additional exhibits submitted to the court in this case in the manner described above.

  Dated: April 9, 2018

                _____
                U.S. District Judge Jennifer A. Dorsey