# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JORGE VAZQUEZ,

    Petitioner

v.

JO GENTRY, et al.,

    Respondents

Case No.: 2:18-cv-00117-JAD-VCF

**Order Denying Motion to Appoint Counsel.**

[ECF No. 13]

Respondents have filed a motion to dismiss Jorge Vazquez's pro se 28 U.S.C. § 2254 habeas corpus petition.[1]  Vazquez has not responded to the motion but has filed a motion for appointment of counsel.[2]  I deny the motion to appoint counsel and give Vazquez until February 21, 2019, to file an opposition to the motion to dismiss.[3]

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[4]  The decision to appoint counsel is generally discretionary.[5]  However, counsel must be appointed if the case is so complex that denying counsel would amount to a denial of due process or the petitioner has so little education that he is incapable of fairly presenting his claims.[6]

---

[1] ECF No. 7.

[2] ECF No. 13.

[3] ECF No. 7.

[4] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[5] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

[6] *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

Vazquez's petition clearly presents the issues that he wishes to raise, and the legal issues do not appear to be complex. After respondents moved to dismiss the petition as untimely, Vazquez filed this motion for counsel. He states that he does not read, write or speak English. However, it appears that he wrote this motion for counsel. He explains that another inmate assisted him with filing his petition, which the petition reflects.[7] Vazquez also attached an authorization-for-legal-assistance-by-inmates form that reflects that he sought legal assistance from other inmates.[8] He informs the court that the inmate who helped him is no longer at the same institution.

The court is not persuaded that counsel is justified. There is no indication that Vazquez could not get authorization for another inmate to help him. And while lack of English-language skills does not necessarily warrant the appointment of counsel, the state-court records provided by respondents in support of their motion to dismiss undermine Vazquez's claim that he does not speak English.[9] The motion, therefore, is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel **(ECF No. 13) is DENIED.**

**IT IS FURTHER ORDERED** that petitioner has until **February 21, 2019,** to file a response to the motion to dismiss, if any. Thereafter, respondents may reply in accordance with the local rules.

Dated: January 30, 2019

_____
Jennifer A. Dorsey, U.S. District Judge

---

[7] ECF No. 5 at 8.

[8] ECF No. 13 at 2.

[9] *See* ECF Nos. 8–10.