| | | |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | JORGE VAZQUEZ, | Case No.: 2:18-cv-00117-JAD-VCF |
| 4 | Petitioner | |
| 5 | v. | **Order Dismissing Petition** |
| 6 | JO GENTRY, et al., | [ECF Nos. 7, 11] |
| 7 | Respondents | |

Pro se petitioner Jorge Vazquez brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his Nevada state-court conviction and sentence for burglary and solicitation to commit murder.[1] Respondents move to dismiss Vazquez's petition as untimely. Even if I assume that generous equitable tolling applies, Vazquez's petition was years late. So I grant the motion, dismiss this petition, and close this case.

## Background

A jury convicted Vazquez of solicitation to commit murder, attempted murder, and three counts of burglary in connection with his attempt to hire an undercover police officer to kill his wife.[2] After motion practice and oral argument about whether the court should adjudicate on both solicitation to commit murder and attempted murder, the court declined to adjudicate the solicitation count.[3] The court sentenced Vazquez to three concurrent terms of 28 to 72 months

---

[1] ECF No. 1-1 at 2 (exhibit 24).

[2] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 7, and are found at ECF Nos. 8–10, 12.

[3] Exhs. 25–27.

on the burglary counts,[4] to 96- to 240 months for attempted murder,[5] consecutive to counts 1-3, and to 12 months on child neglect or endangerment,[6] concurrent to count 5.[7] Judgment of conviction was entered on November 19, 2012.[8]

On December 3, 2013, the Nevada Supreme Court affirmed the conviction for one count of burglary but reversed the burglary convictions on counts 2 and 3, the attempted-murder conviction, and the child-neglect-or-endangerment conviction for insufficient evidence.[9] The Nevada Supreme Court also directed that Vazquez should be adjudicated and sentenced on the solicitation count.[10]

On January 27, 2014, the state district court sentenced Vazquez to 72 to 180 months for the solicitation conviction, to run consecutive to the previously-imposed sentence of 28 to 72 months for the first burglary count.[11] The amended judgment of conviction was entered on February 19, 2014.[12]

On April 7, 2014, Vazquez filed a motion to modify and/or correct illegal sentence, which the state district court denied.[13] The Nevada Supreme Court affirmed the denial of the

---

[4] Counts 1–3.
[5] Count 5.
[6] Count 6.
[7] Exh. 29.
[8] Exh. 30.
[9] Exh. 51.
[10] *Id.*
[11] Exh. 54.
[12] Exh. 55.
[13] Exhs. 56, 57, 60.

motion on September 18, 2014, holding that Vazquez's claims fell outside the narrow scope of claims permissible in a motion to modify sentence.[14] Remittitur issued on October 17, 2014.[15]

Vazquez filed a federal habeas corpus petition in November 2014, which was dismissed on February 3, 2016, without prejudice as wholly unexhausted.[16] He filed a state postconviction habeas corpus petition May 10, 2016.[17] On October 12, 2017, the Nevada Court of Appeals affirmed the denial of the petition as procedurally barred because it was untimely and successive or an abuse of the writ.[18] Remittitur issued November 8, 2017.[19]

**Analysis**

**A.     AEDPA and equitable tolling**

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996, and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.[20] The one-year filing period can run from the date on which a petitioner's judgment became final by conclusion of direct review or the expiration of the time for seeking direct review.[21] A properly filed petition for state postconviction relief can toll the period of limitations.[22]

---

[14] Exh. 65.
[15] Exh. 66.
[16] 2:14-cv-1969-JAD-PAL.
[17] Exh. 67.
[18] Exh. 83.
[19] Exh. 85.
[20] 28 U.S.C. § 2244(d).
[21] 28 U.S.C. § 2244(d)(1)(A).
[22] 28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling of the filing deadline if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing."[23] Equitable tolling is "unavailable in most cases,"[24] and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."[25] The petitioner ultimately has the burden of proof on this "extraordinary exclusion."[26] To satisfy it, he must demonstrate a causal relationship between the extraordinary circumstance and the delay in his filing.[27] Ignorance of the one-year statute of limitations does not qualify as an extraordinary circumstance.[28]

**B.    Vazquez's Federal Petition is Time-barred.**

The state district court filed Vazquez's amended judgment of conviction on February 19, 2014.[29] Under Nevada Rule of Appellate Procedure 4(b), Vazquez had 30 days to file a timely notice of appeal. He did not appeal, so his conviction became final on March 21, 2014.[30] Under AEDPA, Vazquez had one year, or until March 21, 2015, to file his federal habeas petition unless otherwise tolled by federal statute.[31]

---

[23] *Holland v. Florida*, 560 U.S. 631, 649 (2009)(quoting prior authority).

[24] *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

[25] *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

[26] *Miranda*, 292 F.3d at 1065.

[27] *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

[28] *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

[29] Exh. 55.

[30] *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012).

[31] 28 U.S.C. § 2244(d)(1)(A), (2).

On April 7, 2014, 17 days after his conviction became final, Vazquez filed a motion to modify sentence in state district court.[32] The Nevada Supreme Court affirmed the denial of the motion on September 18, 2014, holding that Vazquez's claims fell outside the narrow scope of claims permissible in a motion to modify sentence.[33] Remittitur issued on October 17, 2014.[34] Assuming without deciding that this motion could be considered "properly filed" in order to toll the AEDPA limitation period, 193 days would be tolled.

Next, Vazquez filed his first federal habeas petition in November 2014, which was dismissed on February 3, 2016, without prejudice as wholly unexhausted.[35] Because a federal habeas petition is not an "application for State post-conviction or other collateral review" under § 2244(d)(2), Vazquez's first federal petition did not toll the AEDPA limitation period.[36] So, even if 210 days were tolled (17 + 193), Vazquez's federal limitations period expired about March 23, 2015. Vazquez did not file his state postconviction habeas petition until nearly fourteen months later May 10, 2016.[37] On October 12, 2017, the Nevada Court of Appeals affirmed the denial of the petition as procedurally barred because it was untimely and successive and/or an abuse of the writ.[38] Remittitur issued November 8, 2017.[39]

---

[32] Exh. 56, 57, 60.
[33] Exh. 65.
[34] Exh. 66.
[35] 2:14-cv-1969-JAD-PAL.
[36] *Duncan v. Walker*, 533 U.S. 167, 181–182 (2001).
[37] Exh. 67.
[38] Exh. 83.
[39] Exh. 85.

Vazquez filed the current federal petition on or about January 18, 2018.[40] Thus, the petition was filed nearly three years after the AEDPA limitations period expired. The petition is, therefore, time-barred. Vazquez does not argue that he is entitled to any equitable tolling.[41] He has not demonstrated that he acted diligently or that an extraordinary circumstance stood in his way and prevented timely filing of his current federal action.[42] Because Vazquez has failed to demonstrate that his petition should not be dismissed as untimely, I grant the respondents' motion and dismiss this petition with prejudice as time-barred.

## Certificate of Appealability

Because this is a final order adverse to the petitioner, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Under 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." For claims rejected on their merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[43] For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct.[44] In light of the clear tardiness of this petition, I find no basis to issue a certificate of appealability, so I sua sponte decline to issue one.

---

[40] ECF No. 5.
[41] *See* ECF No. 15.
[42] *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).
[43] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).
[44] *Id*.

6

## Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (**ECF No. 7**) is **GRANTED, and this petition is DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion for leave to file exhibit under seal (**ECF No. 11**) is **GRANTED**.

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: February 28, 2019

_____
U.S. District Judge Jennifer A. Dorsey